UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**VETSTEM, INC.,**

   Plaintiff,

v.                                                **No. 4:24-cv-00048-P**

**INNOVATIONS MEDSPA, P.A.,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss. ECF No. 15. Having considered the Motion, briefs, and applicable law, the Court concludes that the Motion should be and is hereby **DENIED.**

## BACKGROUND

Plaintiff VetStem, Inc. sued Defendant Innovations MedSpa, P.A. ("IMS") for infringement of two medical patents held by VetStem. In considering IMS's motion to dismiss under Rule 12(b)(6), the Court accepts as true the following facts from VetStem's First Amended Complaint. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002); ECF No. 25.

VetStem acquired two patents related to its research into adipose-derived stem cell treatments: U.S. Pat. No. 9,453,202 ("202 Patent") and U.S. Pat. No. 11,129,855 ("855 Patent"). The 202 Patent covers methods of treating musculoskeletal injury or disease. The treatments require the collection of adipose tissue before using enzymatic digestion and centrifugation to separate the cell populations. Unlike prior methods, the cell populations are not subjected to additional processing to further separate the stem cells but are instead directly injected into the site of injury or disease. The 855 Patent is within the same patent family but more broadly covers the treatment methods utilizing these cell populations.

VetStem alleges that IMS operates two medical clinics offering regenerative therapies utilizing adipose-derived stem cells. IMS collects adipose tissue from patients and separates the cell population through enzymatic digestion and centrifugation to sequester stromal-vascular fraction ("SVF"). The cell populations are then reintroduced to the patient for treatment. IMS has treated patients using these methods since at least 2022.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)).

But courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

IMS argues it is entitled to medical-practitioner immunity under 35 U.S.C. § 287(c). *See* ECF No. 15 at 14. The statute provides that

"medical practitioner[s]" and "related health care entit[ies]" are immune from liability for "performance of a medical activity," subject to certain carveouts. Here, the Parties contest whether IMS's activities fit within two exceptions: (1) whether the "medical activity" includes "the practice of a patented use of a composition of matter in violation of such patent," and (2) whether the "medical activity" is "in violation of a biotechnology patent." 35 U.S.C.A. § 287(c)(2)(A)(ii)–(iii).

Looking to the pleadings and accepting VetStem's allegations as true, it is unclear whether IMS is entitled to medical-practitioner immunity. The Court must view all well-pleaded facts in the light favorable to VetStem. *Inclusive Cmtys.*, 920 F.3d at 899. Doing so, VetStem has at least plausibly alleged facts that suggest Defendant is *not* entitled to immunity. *See generally* ECF No. 1 at 6-9 (detailing allegations of IMS's infringement and the denial of a motion to dismiss by another federal court regarding the same defense). While immunity questions should generally be resolved at the earliest possible opportunity, medical practitioner-immunity is distinct because it is not "an immunity from suit" but rather a "defense to liability." *See Carswell v. Camp*, 37 F. 4th 1062, 1065 (5th Cir. 2022); § 287(c). Thus, without far clearer grounds establishing IMS's immunity, IMS raises the right argument at the wrong time. *See Gen. Elec. Cap. Corp. v. Posey*, 415 F.3d 391, 398 (5th Cir. 2005) (quoting *Griffin v. PaineWebber, Inc.*, 84 F. Supp. 2d 508, 513 (S.D.N.Y. 2000)) (noting plaintiffs need not "plead statements in anticipation of affirmative defenses" to state a viable claim); *Am. Precision Ammunition, L.L.C. v. City of Mineral Wells*, 90 F.4th 820, 824 (5th Cir. 2024) ("Rule 12(b)(6) dismissal may [] 'be appropriate based on a successful affirmative defense' provided that the affirmative defense 'appear[s] on the face of the complaint.'"). As the Court must resolve multiple questions of law and fact to make this determination, IMS's immunity arguments are better suited for summary judgment or trial. Consequently, IMS's Motion to Dismiss (ECF No. 15) is **DENIED**.[1]

---

[1] IMS also seeks judicial notice in support of its Motion to Dismiss. *See* ECF No. 17. While the Court would be happy to judicially notice such facts at a later juncture, the request for judicial notice is hereby **DENIED** as **MOOT**

3

## CONCLUSION

For the above reasons, the Court **DENIES** IMS's Motion to Dismiss (ECF No. 15) and Request for Judicial Notice (ECF No. 17). Further, considering the Court's determination on IMS's dismissal motion, IMS's Motion for a Protective Order (ECF No. 32) is **DENIED** as **MOOT**.

**SO ORDERED** on this **11th day** of **July 2024.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

considering the denial of IMS's dismissal motion, without prejudice to subsequent requests for judicial notice regarding the same items.